IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WESLEY VANDALE HARRIS, | ) | |
| | ) | |
| Plaintiff,[1] | ) | |
| | ) | |
| v. | ) | CV 121-172 |
| | ) | |
| MR. TIMOTHY C. WARD, Commissioner; | ) | |
| MR. TERRY E. BARNARD, Chairman | ) | |
| Georgia Board of Pardons and Paroles; | ) | |
| MR. STAND SHEPARD, Regional | ) | |
| Director; EDWARD PHILBIN, Warden; | ) | |
| DEPUTY WARDEN HARVEY; | ) | |
| DEPUTY WARDEN PASCAL; | ) | |
| DEPUTY WARDEN HARDEN; | ) | |
| DEPUTY WARDEN SHELTON; | ) | |
| CAPTAIN GAINES, Chief of Security; | ) | |
| ALL CARE & TREATMENT STAFF; | ) | |
| HEALTH SERVICES ADMINISTRATION; | ) | |
| and MRS. YOUNG, Mental Health Director, | ) | |
| | ) | |
| Defendants.[2] | ) | |

**O R D E R**

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown,

---

[1] The Court **DIRECTS** the **CLERK** to update the docket, in accordance with the caption of this Order, to properly reflect there is only one plaintiff. As explained in note 4, *infra*, Plaintiff's mother should not be listed as a plaintiff.

[2] The Court **DIRECTS** the **CLERK** to remove ""Deputy Wardens, etc." as a Defendant. Plaintiff listed "Deputy Wardens" as the title for Defendants Harvey, Pascal, Harden, and Shelton, not a separate Defendant. (Doc. no. 1, p. 1.) To the extent he intends to name additional, specific persons who serve as Deputy Wardens, as explained below, he must submit an amended complaint.

Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983.

I.  **Motion to Proceed *In Forma Pauperis***

Plaintiff seeks to proceed *in forma pauperis*. After reviewing Plaintiff's application, it appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, (doc. no. 7), subject to compliance with the conditions of this Order.

Plaintiff is hereby advised that under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, all prisoners, even those who are allowed to proceed *in forma pauperis*, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff must also pay the full appellate court filing fee if a Notice of Appeal is filed. Prisoner litigants allowed to proceed *in forma pauperis* must pay an initial partial filing fee of twenty percent (20%) of the greater of the average monthly deposits to, or the average monthly balance in, the prisoner's account for the six-month period immediately preceding the filing of the complaint. Prison officials are then required to collect the balance of the filing fee by deducting twenty percent (20%) of the preceding month's income credited to Plaintiff's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in the plaintiff's account exceeds $10 until the full filing fees are paid." Id. The entire filing fee must be paid even if this suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the Act requires prisoners to exhaust all administrative remedies **prior to filing** a federal lawsuit which challenges "prison

conditions." 42 U.S.C. § 1997e; see also 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if the complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The law also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because of these requirements in the law, the Court will give Plaintiff an opportunity, at this time, to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a)(1). Such a voluntary dismissal will not require Plaintiff to pay the filing fee or count as a dismissal which may later subject him to the three-dismissal rule under section 1915(g). Plaintiff may dismiss his case at this time by filing a notice of dismissal.

However, should Plaintiff choose to proceed with his case, he **MUST** comply with the following instructions:

(1) Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will complete and sign the form and return the form and supporting documents to Plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.

(2) Plaintiff must sign and date the enclosed **Consent to Collection of Fees from**

**Trust Account**. By signing this form, Plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3)    Plaintiff must return both the **Prisoner Trust Fund Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within thirty days of this Order.

Once Plaintiff has returned the required forms, the Court will review Plaintiff's complaint, to be amended as described below, to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint.

<u>Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case, without prejudice</u>.

## II.    Plaintiff Must Submit an Amended Complaint on the Standard Form Used by Incarcerated Litigants

Plaintiff commenced this case by submitting a 15-page, handwritten complaint, detailing allegations of wrong-doing that covers a host of conditions at ASMP. (<u>See</u> doc. no. 1.) Moreover, as part of his motion to proceed *in forma pauperis*, Plaintiff submitted a list of approximately twenty-seven additional Defendants, asserting these Defendants' names were somehow removed from this original complaint.[3]   However, there was no substantive information about these additional individuals in the original statement of claim, and there is

---

[3] Plaintiff's original complaint does contain a list of over twenty-names that the Clerk of Court did not list on the docket, presumably because they appeared under a heading suggesting the individuals were "material witnesses" subject to a subpoena. (<u>See</u> doc. no. 1, pp. 1-2.) To the extent Plaintiff intended these persons to be named as Defendants, he now has the opportunity to include them, and provide information as to how each allegedly violated his rights, in the amended complaint required by this Order.

no additional substantive information in this latest filing explaining how all of these Defendants allegedly violated his rights. (See doc. no. 7, pp. 4-6.) Finally, because Plaintiff did not submit his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, he has not provided the information that the Southern District requires.[4]

Although Plaintiff is entitled to amend his complaint once as a matter of right under Fed. R. Civ. P. 15(a), he may not do so in a piecemeal fashion, see Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009), and he must use the standard complaint form used by incarcerated litigants in the Southern District of Georgia. Therefore, any implied request to amend is **MOOT**, but if Plaintiff wishes to proceed with this case, he **MUST**, within thirty days of the date of this Order file an amended complaint on the enclosed form and include all matters he wishes the Court to consider in that one document.

The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, containing this case number on the front page but no other information, to Plaintiff's service copy of this Order. The Statement

---

[4]Based on the free-form, handwritten submission, the Clerk of Court listed Plaintiff's mother, Mrs. Deborah Jayce King Fulton, as a Plaintiff. However, as she did not sign the complaint, she does not appear as a plaintiff in any subsequent motions filed by Mr. Harris, and it appears she was listed as Plaintiff's representative, (see doc. no. 1, pp. 1, 7), she is not properly included as a plaintiff. Under 28 U.S.C. § 1654, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Even if Plaintiff's mother held a power of attorney for Plaintiff, "[t]he existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." Stewart v. Moses, No. 7:14-CV-34 HL, 2014 WL 2986730, at *1 (M.D. Ga. July 2, 2014). Under Georgia law, a person granted a power of attorney who is not a lawyer may not represent other parties, as such would be the unauthorized practice of law. See O.C.G.A § 15-19-51(a); Toenniges v. Steed, 739 S.E.2d 94, 95 (Ga. Ct. App. 2013).

of Claim must not exceed six handwritten pages attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the

exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within thirty days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

### III. Plaintiff Is Not Entitled to Appointed Counsel

Plaintiff also moves for the appointment of counsel, or alternatively for permission to retain counsel. Plaintiff argues he is unable to afford counsel, as he has been incarcerated for years, and he needs an attorney to provide investigative assistance. (See doc. no. 2.)

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position,"

which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, he has shown his ability to communicate with the Court, as he has made multiple, detailed filings. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel. (Doc. no. 2.) To the extent Plaintiff alternatively requests that he be allowed to retain counsel, he does not need the Court's permission to hire his own attorney, and his alternative request is **MOOT**.

### IV. Premature Discovery Motions

Plaintiff has also filed several motions related to discovery, all of which are premature at this early stage of the case. First, Plaintiff requests a subpoena from the Court so that he can obtain various disciplinary and medical records, shift logs, and video surveillance from ASMP. Not only are such discovery requests premature because the Court has not yet ordered service on any Defendant, but pursuant to a standing Order in the Southern District of Georgia, "Subpoenas will not be issued to any party litigant who is incarcerated in a jail or prison. In such cases, arrangements will be made for the attendance of necessary witnesses and the production of necessary documents through other means." In re Subpoenas, MC 496-006 (S.D. Ga. Jan. 16, 1996). Thus, Plaintiff is not entitled to have subpoenas issued to him, and the Court **DENIES** his request for the same. (Doc. no. 3.)

Second, Plaintiff requests an extension of time to collect additional evidence in support of his claims. He explains he seeks an unspecified extension of "the time requirements of 21 day period." The only 21-day deadline imposed by the deficiency of notice issued by the Clerk of Court for returning a motion to proceed *in forma pauperis* has

already been met by Plaintiff.⁵  (See doc. nos. 4, 7.)  To the extent Plaintiff seeks additional time to collect evidence, as noted above, discovery requests are premature.  Should this case proceed to the discovery stage, the Court's rules provide for a standard period of 140 days of discovery.  See Loc. R. 26.1(d).  As no discovery period has yet commenced, there is no need for an extension, and the Court **DENIES** Plaintiff's request for the same.  (Doc. no. 6.)

Finally, Plaintiff filed a motion requesting the court appoint an investigator to look into his allegations of wrong-doing at ASMP.⁶  (Doc. no. 8.)  In substance, Plaintiff seeks the same relief as that in his motion for appointment of counsel:  he wants someone to investigate his claims for him.  As explained above, Plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel.  Moreover, at this early stage of the case, the Court has not determined whether Plaintiff has stated any viable claims against any Defendant, making the request for investigation of any alleged wrong-doing, at best, premature.  Plaintiff offers no basis for the Court to conclude appointment of an investigator is warranted.  Should the case proceed to the discovery stage, Plaintiff may use the discovery tools available to him to in the Federal Rules of Civil Procedure to otain facts and information about the case from Defendants.  See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery).  Now, however, the Court **DENIES** the request for appointment of an investigator.  (Doc. no. 8.)

---

⁵The Court notes a scrivener's error in the case number listed on the deficiency notice. Plaintiff's case number is CV 121-172, and he should use that number, not CV 121-072, on all future filings in these proceedings.

⁶The Clerk of Court docketed the motion as a request for injunctive relief.  However, the Court "must sometimes 'look beyond the labels used in a *pro se* party's [motion] and focus on the content and substance of the allegations." Torres v. Miami-Dade Cnty., Fla., 734 F. App'x 688, 691 (11th Cir. 2018) (*per curiam*).  Upon consideration, the Court has determined the substance of the motion is a request for someone to help him gather information to support his ultimate request for relief for the wrong-doing alleged in his complaint.

## V.     Conclusion

If Plaintiff fails to respond to this Order with the above-described *in forma pauperis* papers and amended complaint within thirty days, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will dismiss this action, without prejudice. For the reasons explained above, the Court also **GRANTS** the motion to proceed *in forma pauperis* subject to compliance with the terms of this Order, (doc. no. 7), and **DENIES** all other motions, (doc. nos. 2, 3, 6, 8).

SO ORDERED this 30th day of December, 2021, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA