IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WESLEY VANDALE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-172 |
| | ) | |
| MR. TIMOTHY C. WARD, Commissioner, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). As explained below, Plaintiff has been given the opportunity to amend his complaint, and Plaintiff's amended pleadings are now before the Court for screening.

**I.   SCREENING THE AMENDED PLEADINGS**

   **A.   BACKGROUND**

Plaintiff commenced this case by submitting a 15-page, handwritten complaint, detailing allegations of wrong-doing that covers a host of conditions at ASMP. (See doc. no. 1.)   Moreover, as part of his motion to proceed IFP, Plaintiff submitted a list of

approximately twenty-seven additional Defendants, asserting these Defendants' names were somehow removed from this original complaint.[1] However, there was no substantive information about these additional individuals in the original statement of claim, and there was no additional substantive information in the subsequent filing to explain how all of these Defendants allegedly violated his rights. (See doc. no. 7, pp. 4-6.) In light of these issues, and because Plaintiff did not submit his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, the Court directed Plaintiff to file a single amended complaint on the standard prisoner complaint form. (Doc. no. 10.) The Court provided specific instructions on how to amend the complaint, including the admonition to provide a caption clearly identifying by name each Defendant and putting all claims he wished the Court to consider in one, amended pleading. (Id. at 7.)

Plaintiff submitted his first amended complaint, dated January 6, 2022, and listed five Defendants in the caption: Mr. C. Brown; Warden Philbin: Mrs. Leverett: Warden Pascal; and Officer Jones. (Doc. no. 14, p. 1.) Plaintiff raised allegations of use of excessive force, and theft of property in November 2020 and February 2021. (See generally id.) While awaiting Plaintiff's return of the Prisoner Trust Fund Account Statement and Consent to Collection of Fees, as well as payment of the initial partial filing fee, Plaintiff submitted a second amended complaint, dated February 21, 2022. (Doc. no. 20, p. 11.) Except for Warden Philbin, all Defendants in the caption were different from the first amended complaint: Commissioner Timothy C. Ward; Mr. Terry E. Barnard; Mr. Stan Shepard; Warden Edward Philbin; All Care & Treatment Staff/Health Services Administration. (Id. at

---

[1] Plaintiff's original complaint contains a list of over twenty-names that the Clerk of Court did not list on the docket, presumably because they appeared under a heading suggesting the individuals were "material witnesses" subject to a subpoena. (See doc. no. 1, pp. 1-2.)

2

1.)  This second amended pleading complained about alleged excessive force, unsafe and unsanitary living conditions, and theft of property during the "recurring period of the years 2020/2021/2022" and did not mention the names of any Defendants in his statement of claim, or otherwise explain how any named Defendant specifically participated in any alleged violation of Plaintiff's rights.  (See generally doc. no. 20.)  Moreover, Plaintiff stated this "second copy" of his amended complaint was sent as a safety precaution against mail theft or "corrupt prison staff."  (Id. at 12.)

### B. DISCUSSION

#### 1. Plaintiff's Amended Complaint(s) Should Be Dismissed for Failure to Follow a Court Order

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Furthermore, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order,

"especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)). Finally, although the Court gives a liberal construction to *pro se* pleadings, *pro se* litigants are nevertheless required to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Here, the Court provided Plaintiff with explicit instructions about amending, including the admonition to submit only one amended complaint in accordance with the terms of the Court's December 30, 2021 Order which contained a caption clearly identifying by name each Defendant and included all claims he wished the Court to consider. (Doc. no. 10, p. 7.) In response, Plaintiff first submitted an amended complaint with a signature date of January 6, 2022, naming five Defendants and requesting over $500,000 in damages related to alleged robberies of Plaintiff's personal property in November of 2020 and February of 2021. (See doc. no. 14.) Then, without explanation or requesting permission to do so, Plaintiff submitted a second amended complaint with a signature date of February 21, 2022, naming six Defendants (only one of whom was the same as the Defendants in the first amended complaint) and seeking non-specific damages related to recurring episodes of theft and use of excessive force for the "period of years 2020/2021/2022." (See doc. no. 20.) Plaintiff stated the second amended complaint "is a second copy of my amended complaint" which was submitted as a precaution to guard against mail theft and/or corrupt prison staff. (Id. at 12.) Moreover, the second amended complaint reverted to committing the same pleading deficiencies identified in the original complaint by listing Defendants without explaining how each one alleged violated Plaintiff's rights.

4

The Eleventh Circuit has affirmed the dismissal of a pro se complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Plaintiff's disregard of the Court's instructions, resulting in the submission of multiple amended complaints naming different Defendants and seemingly involving different time periods, while misrepresenting the second amended pleading was but a copy of the first and repeating pleading errors specifically identified in the original complaint, amounts to willful disobedience of the Court's December 30th Order. Moreover, the Court cautioned Plaintiff multiple times that failing to comply with the terms of the Court's December 30th Order would result in dismissal of the case. (Doc. no. 10, p. 10; doc. no. 12, p. 2.)

Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending. Thus, Plaintiff's case should be dismissed without prejudice for failing to follow the Court's instructions regarding amending his complaint. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (*per curiam*) (finding no abuse of discretion where case dismissed without prejudice, allowing for party to refile, based on failure to comply with one court order).

> 2. **Plaintiff's Amended Complaint(s) Should Also Be Dismissed for Providing Dishonest Information about his Prior Filing History**

Even if Plaintiff had not submitted two differing amended complaints in contravention of the Court's December 30, 2021 Order, the case should also be dismissed because Plaintiff misrepresented his filing history in both amended pleadings.

5

### a.     Background

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F. 3d at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner Complaint)" requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits. (Doc. no. 14, p. 9.)  Under the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating

6

to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition. (Id. at 10.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.)

### b.  Omitted Filing History

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff stated in his first amended complaint he had filed one other lawsuit in state or federal court dealing with the same facts as this case and no lawsuit other than the one with similar facts otherwise relating to the conditions of his imprisonment. (Id. at 8-10.) In the second amended complaint, also signed pursuant to Federal Rule of Civil Procedure 11, Plaintiff identified one other case involving Calhoun State Prison ("CSP"), but said it did not deal with the same facts of the current case. (Doc. no. 20, pp. 8-10.) In addition to the inconsistent answers, the Court is aware of a more extensive filing history related to Plaintiff's imprisonment and facts similar to this case. The one case identified by Plaintiff as regarding his conditions of confinement at CSP that was dismissed and involved allegations of an attorney not appearing as Plaintiff believed he would is Harris v. Ga. Dep't of Corr, No. 107-189-WLS (M.D. Ga. Oct. 1, 2007).[2] Plaintiff filed a second case about his conditions of confinement at CSP, and that case was dismissed after the presiding judge recognized lawsuits repeating the same

---

[2]The case was originally filed in the Northern District of Georgia and then transferred to the Middle District. See Harris v. Ga. Dep't of Corr., No. 107-2220 (N.D. Ga. Sept. 11, 2007).

7

allegations "may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915." Harris v. Thompson, No. 107-192-WLS, doc. no. 6, p. 1 (M.D. Ga. Oct. 5, 2007).[3,4]

Plaintiff filed a third case about his conditions of confinement at CSP in the Northern District of Georgia which was dismissed outright rather than transferred because the presiding district judge recognized Plaintiff had filed an "identical action" which had already been transferred to the Middle District of Georgia. See Harris v. Thompson, No. 107-2440, doc. no. 2, p. 1 (N.D. Ga. Nov. 2, 2007).  Finally, Plaintiff filed another case in the Northern District of Georgia alleging suspected embezzlement by prison officials at ASMP based on his belief money intended for his inmate account was missing; that case was also dismissed outright rather than transferred because of the "speculative nature of Plaintiff's claims and his failure to specify a defendant whom he intends to sue." Harris v. Unnamed, No. 110-2926, doc. no. 2 (N.D. Ga. Oct. 4, 2010).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

---

[3] This case was also originally filed in the Northern District of Georgia and then transferred to the Middle District. See Harris v. Thompson, No. 107-2341 (N.D. Ga. Sept. 24, 2007).

[4] It is well-settled that if a plaintiff engages in bad faith litigiousness or manipulative tactics, dismissal is warranted. Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997).

Rivera, 144 F.3d at 731.

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044, 2011 WL 2462017 (S.D. Ga. May 16, 2011), *adopted by* 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  Plaintiff's failure to disclose his prior cases discussed above was a dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** without prejudice and that this civil action be **CLOSED**. Because the case should be dismissed, the Court further **REPORTS** and **RECOMMENDS** the pending motion for default judgment and motion for summary judgment - a filing which is actually a request that the Court discipline prison officials for their slow response time

regarding Plaintiff's IFP paperwork - as well as the letter docketed as a motion for subpoenas and preservation of video surveillance, be **DENIED AS MOOT**. (Doc. nos. 13-1, 13-2, 23.)

SO REPORTED and RECOMMENDED this 14th day of April, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA